### HILTBRAND v NAUGLE

Ohio Appeals, 9th Dist, Summit Co

No 2436.  Decided Sept 24, 1934

Hutchison & Firestone, for plaintiff in error.

Meade, Weygandt, McRae & Held, Akron, for defendant in error.

## OPINION

By FUNK, J.

On the question of whether a child of tender years is guilty of contributory negligence, it is proper to observe that it is an indisputable fact that, from the birth of a child until it is several years of age, it is incapable of exercising any care or discretion, and therefore is not capable of contributory negligence; and it is also recognized as an indisputable fact that, as a child gets older, it acquires mental capacity to understand and appreciate the perils that may threaten its safety, and therefore becomes capable of being contributorily negligent.

The law recognizes these indisputable facts, and if, in a given case, a child is so young that reasonable minds cannot differ on the question of its not being capable of contributory negligence, the trial court may so determine as a matter of law and properly refuse to charge upon the subject of contributory negligence.

As is to be expected, the courts are not agreed upon any particular age at which a child becomes capable of contributory negligence; but where the courts of last resort have spoken upon the question, they have almost universally determined that a child 4 years old or under is, as a matter of law, incapable of contributory negligence, and many courts have held the same in reference to children 7 years of age and under.

As we construe the decisions of the Supreme Court of Ohio, that court recognizes the almost universal doctrine that, in a given case, a child may be so young as to be incapable of contributory negligence as a matter of law; and where, in a case in which the injured child is of tender age, the trial judge is called upon to determine whether he will charge the jury upon the subject of contributory negligence or determine that question as a matter of law, a safe rule to apply is the one laid down in **Scherer v Wood, 19 Oh Ap 381,** which is as follows:

"1. When a child is of such tender years that its inability to exercise care for its safety admits of no doubt, the court will decide that question as a matter of law; but if there is any doubt as to the child being of an age and capacity that will enable it to exercise care for its safety, that question should be submitted to the jury."

In the instant case it is shown by the record that the trial court applied said rule and determined as a matter of law that the plaintiff child, which was 3½ years old, was not capable of contributory negligence, and refused to grant the request to charge on contributory negligence. With that determination we agree, and hold that the trial judge did not commit error in so ruling.

In this connection it is proper to call attention to the fact that the trial judge charged the jury in such a way as to give to the defendant the benefit of a consideration, by the jury, of the acts and conduct of the infant as bearing upon the question of whether the defendant was guilty of any negligence which was the proximate cause of the injury to the child, for the court charged that if the child in this case ran into the path of the defendant's automobile at a time when the defendant was so close to her that, in the exercise of ordinary care in the operation of his automobile, the defendant was unable to stop or divert the course of his automobile in time to avoid hitting the child, then there could be no recovery of damages by the child from the defendant.

For some of the cases considered on this subject, see those cited in—

29 O. Jur., "Negligence," §§103, 104, 105 and 203.

20 R.C.L., "Negligence," §§105 and 106.

27 Am. & Eng. Ann. Cas., 1913B, p. 969, note

17 Am & Eng. Ann. Cas., p. 353, note.

Counsel for plaintiff in error further contend, first, that the trial court erred in overruling their motion for a directed verdict for defendant at the conclusion of all the evidence; second, that the verdict is against the manifest weight of the evidence; and third, that the verdict is excessive.

We have considered all these claimed errors. Suffice it to say that, taking the rec-

ord·as a whole, and keeping in mind the rules governing this court, we cannot say that the verdict is against the manifest weight of the evidence, or that there is reversible error in any of these claimed errors.

The judgment is therefore affirmed.

WASHBURN, PJ, and STEVENS, J, concur in judgment.